# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRYL WHITE** | **CIVIL ACTION** |
| versus | **NO. 09-3242** |
| **RIVER CORRECTIONAL CTR.** <br> **24TH JUDICIAL DISTRICT COURT** <br> **STATE OF LOUISIANA** | **SECTION: "I" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Darryl Lynn White, is a state prisoner incarcerated at the River Correctional Center, Ferriday, Louisiana. On June 18, 2007, he was convicted of unauthorized use of a motor vehicle in violation of Louisiana law.[1] On August 9, 2007, he pleaded guilty to being a

---

[1] State Rec., Vol. II of IV, transcript of June 18, 2007, p. 76; State Rec., Vol. I of IV, minute entry dated June 18, 2007; State Rec., Vol. I of IV, jury verdict form.

third offender and was sentenced as such to a term of eighty months imprisonment without benefit of probation or suspension of sentence.[2] On March 11, 2008, the Louisiana Fifth Circuit Court of Appeal affirmed that conviction and sentence.[3] Petitioner's related writ application was then denied by the Louisiana Supreme Court on October 31, 2008.[4]

On or about December 5, 2008, petitioner filed with the state district court an application for post-conviction relief.[5] That application was denied on January 20, 2009.[6] Petitioner did not seek review of that denial by either the Louisiana Fifth Circuit of Appeal or the Louisiana Supreme Court; rather, he proceeded directly to federal court.

On or about March 25, 2009, petitioner filed the instant application for federal *habeas corpus* relief. The state concedes that petitioner's federal application is timely;[7] however, the state argues that the application must be dismissed because petitioner failed to exhaust his state court remedies.[8]

---

[2] State Rec., Vol. III of IV, transcript of August 9, 2007; State Rec., Vol. I of IV, minute entry dated August 9, 2007; State Rec., Vol. I of IV, guilty plea form.

[3] State v. White, 982 So.2d 843 (La. App. 5th Cir. 2008) (No. 07-KA-831); State Rec., Vol. I of IV.

[4] State v. White, 994 So.2d 534 (La. 2008) (No. 2008-KO-0846); State Rec., Vol. I of IV.

[5] State Rec., Vol. I of IV.

[6] State Rec., Vol. I of IV, Order dated January 20, 2009.

[7] Rec. Doc. 8, p. 6.

[8] Rec. Doc. 8, pp. 6-8.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Therefore, to determine whether the instant claims are exhausted, this Court must compare those claims to the ones petitioner presented to the Louisiana Supreme Court.

The state record filed with this Court reflects that petitioner filed only one writ application with the Louisiana Supreme Court regarding this conviction and sentence. In that application, filed on direct review in case number 2008-KO-846, petitioner asserted only a single claim for relief, i.e. that there was insufficient evidence to support his conviction.[9]

However, in this federal application, petitioner asserts *three* claims for relief. Specifically, he claims that he is entitled to relief because (1) the state court record does not contain the transcript of the habitual offender plea and sentencing, (2) Yamil Hannon lied under oath at trial, and (3) Kelley's Blue Book should have been used to determine the vehicle's value and the grade of the criminal offense.

It is true that, in connection with the Louisiana Supreme Court writ application, petitioner's counsel filed a motion asking that the court supplement the record with the transcript

---

[9] A copy of that writ application is contained in Volume IV of the state court record.

of the habitual offender hearing.[10] However, that request neither asserted a claim for relief nor directly challenged petitioner's conviction or sentence. Therefore, arguably, petitioner's first claim for *habeas corpus* relief in this proceeding should not be considered exhausted based solely on that request.

The state takes the position that petitioner's second claim concerning Yamil Hannon's testimony is exhausted because it is similar to the insufficient evidence claim presented in the Louisiana Supreme Court writ application.[11] That concession is perhaps overly generous. For exhaustion purposes, "[a] federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has made clear that "[t]his requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. A claim that a conviction was tainted by perjury is *not* the equivalent of a claim that there was insufficient evidence to support the conviction; the two claims are based on distinct legal theories. Therefore, the second claim, as presented in the federal petition, arguably is not exhausted.

Nevertheless, *even if* petitioner's first two claims are considered to be exhausted in light of the foregoing, his federal application is *still* subject to dismissal because his third claim is clearly unexhausted. That claim, i.e. that Kelley's Blue Book should have been used to determine

---

[10] See "Motion to Supplement the Appellate Record and Leave to Supplement/Amend Brief." State Rec., Vol. IV of IV.

[11] See Rec. Doc. 8, p. 7.

the vehicle's value and the grade of the criminal offense, was not even mentioned in the Louisiana Supreme Court writ application. Therefore, petitioner's federal application is, *at best*, a mixed petition and should be dismissed on that basis. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **Darryl Lynn White** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourth day of August, 2009.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**